UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | 5:19-cv-00090-SVW (GJS) | Date | February 27, 2019 |
|---|---|---|---|
| Title | Pedro Avila Garcia v. Craig Koenig, Warden | | |

| Present: | Hon. Gail J. Standish, United States Magistrate Judge | |
|---|---|---|
| E. Carson | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondents: |
| None present | | None present |

**Proceedings:**  (IN CHAMBERS)  Order To Show Cause re: Lack of Exhaustion

On January 16, 2019, Petitioner[1] filed a 28 U.S.C. § 2254 habeas petition in this District [Dkt. 1, "Petition"]. The Petition raises a single claim, in which Petitioner argues that the state courts' failure to treat two prior convictions as a single "strike" instead of two "strikes" violates the California Supreme Court's decision in *People v. Vargas*, 59 Cal. 4th 635 (2014), as well as (apparently) due process.[2] As habeas relief, Petitioner seeks resentencing on this basis as to Count 1 only.  (Petition at ECF #10.)

The Court has reviewed the Petition as well as the dockets available electronically for Petitioner's state court criminal and appeal proceedings and his two prior federal habeas proceedings.  *See* Fed. R. Evid. 201 (permitting judicial notice of certain matters).

---

[1]     Petitioner's correct name is unclear.  In various state and federal court filings, he has utilized variants of the names "Pedro" and "Garcia" and "Avila," sometimes appearing as "Pedro Garcia," sometimes as "Pedro Avila," sometimes as "Pedro Avila Garcia," and sometimes as "Pedro Garcia Avila."  The Court here uses the name under which this case was docketed by the Clerk's Office.

[2]     The Petition contains only a single unexplained reference to the Fourteenth Amendment and to *Townsend v. Burke*, 334 U.S. 736 (1948); no further identification or discussion of any possible federal issue is contained anywhere within the Petition, and the cited state high court decision in *Vargas* did not involve any federal constitutional matter.  Accordingly, while the Court has very liberally construed the Petition at this juncture to set forth a possible due process claim, it is not all that clear that a cognizable federal habeas claim actually is stated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-00090-SVW (GJS) | Date | February 27, 2019 |
|---|---|---|---|
| Title | Pedro Avila Garcia v. Craig Koenig, Warden | | |

Having completed its review, the Court concludes that this action is subject to dismissal for failure to exhaust available remedies.

The Petition is defective in that it is missing Pages 2 and 5 of the Section 2254 petition form utilized by Petitioner. Thus, although Petitioner has described the single claim he raises, he failed to provide the exhaustion-related information required by the Section 2254 petition form when setting forth a habeas ground,[3] as well as to identify the grounds he raised in the California Court of Appeal in the case decided on "October 11, 2017." (Petition at ECF #2.) In describing his relevant California Supreme Court filing, Petitioner refers to Case No. S245655 and describes the ground he raised in the state high court as follows: "Whether Petitioner has the right to be resentenced. I am serving a 3 strike term (30 years to life) and two of my prior strikes are based on the same act." (*Id.*)

In an effort to ascertain the critical exhaustion-related information that Petitioner failed to provide, the Court has reviewed the California appellate dockets available electronically. Petitioner was convicted in March 2006 in Riverside County Superior Court Case No. RIF 125592. He appealed his conviction with only partial success (a stay of execution of the sentences imposed on Counts 2 and 4) and thereafter sought federal habeas relief in two separate proceedings – Case No. EDCV 09-1296-SVW (RNB), and Case No. EDCV 15-837-SVW (GJS). The 09-1296 action was resolved adversely to Petitioner on its merits and the 15-837 petition was found to contain six claims that were unauthorized second or successive claims and two claims that were not cognizable.

---

[3] Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005). To satisfy the exhaustion requirement, a state prisoner must "fairly present" his federal claim to the state courts, that is, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (*en banc*). A state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 5:19-cv-00090-SVW (GJS) | Date | February 27, 2019 |
|---|---|---|---|
| Title | Pedro Avila Garcia v. Craig Koenig, Warden | | |

In addition to the foregoing efforts, on February 8, 2016, Petitioner filed a petition in the trial court to recall his sentence pursuant to California Penal Code § 1170.126, and he was appointed counsel. The trial court held a resentencing hearing on September 22, 2016, granted the petition, and granted resentencing on Counts 2, 4, and 5 to determinate second strike terms, but failed to again stay the sentences on Counts 2 and 4. Petitioner appealed the September 22, 2016 ruling to the California Court of Appeal (Case No. E066919). In an October 11, 2017 decision, the California Court of Appeal ordered that the abstract of judgment be amended to stay execution of the sentences for Counts 2 and 4 but otherwise affirmed the judgment "in all other respects." The California Court of Appeal's opinion does not mention the arguable due process claim contained in the instant Petition, and the Court does not have before it Petitioner's appellate briefing filed in Case No. E066919. Petitioner sought review of the state appellate court's decision in the California Supreme Court in Case No. S245655, and review was denied summarily on January 10, 2018. Given Petitioner's above-quoted statement of the ground he raised in that petition for review, it does not appear that he raised his present potential due process claim in the state high court petition.

Finally, Petitioner alleges that on December 2, 2018, he filed a habeas petition in the Riverside County Superior Court, which apparently raised the due process claim alleged in the instant Petition along with a Sixth Amendment "fair sentencing" claim. (Petition at ECF #13.) The Court has no information on the outcome of that petition, but raising a claim in the trial court does not satisfy the exhaustion requirement.

Under these circumstances, it appears to the Court that Petitioner likely did not exhaust his present due process claim through his appeal proceedings described above (Cases Nos. E066919 and S245655). Indeed, the fact that he has attempted to raise the claim through a habeas petition filed in the trial court in December 2018 – only a month or so before he submitted the instant Petition for filing – indicates his sole claim alleged in the Petition is not exhausted.

When, as appears likely here, a petition is fully unexhausted, the petitioner has the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-00090-SVW (GJS) | Date | February 27, 2019 |
|---|---|---|---|
| Title | Pedro Avila Garcia v. Craig Koenig, Warden | | |

following two options:

Option One: the petitioner may voluntarily dismiss the Petition without prejudice to exhaust his claim. If the petitioner thereafter exhausts the claim and wishes to seek federal habeas review, he must file a new federal habeas petition. Any new federal habeas petition he might file would be subject to the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1), which might render the new petition untimely. *See Blake v. Baker*, 745 F.3d 977, 980 (9th Cir. 2014).

Option Two: In the Ninth Circuit, a district court may order a *Rhines* stay of a fully unexhausted petition while the petitioner returns to state court to present unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 275-55 (2005); *Mena v. Long*, 813 F.3d 907, 908, 910-12 (9th Cir. 2016). To obtain a *Rhines* stay, a petitioner must show (1) "good cause" for the failure to exhaust the claims at issue; (2) that the unexhausted claims are "potentially meritorious"; and (3) and that the petitioner has not engaged in "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277-78.

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why the Court should not recommend dismissal of the Petition without prejudice for lack of exhaustion. **By no later than March 25, 2019**, Petitioner shall take one of the following three actions depending on whether or not he concedes that the Petition is unexhausted.

First, if Petitioner concedes that the Petition is fully unexhausted, he may elect to proceed according to Option One instead of filing a Response to this Order. If Petitioner chooses Option One, he must, on or before the deadline set forth above, file and serve a Notice of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1), either by using the Form CV-09 sent with this Order or preparing his own form of notice indicating that Petitioner is voluntarily dismissing this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).

Second, if Petitioner concedes that the Petition is fully unexhausted but does not wish to exercise Option One and wishes to obtain a *Rhines* stay, he must file a Response to this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-00090-SVW (GJS) | Date | February 27, 2019 |
|---|---|---|---|
| Title | Pedro Avila Garcia v. Craig Koenig, Warden | | |

Order by the above deadline that: (1) requests a *Rhines* stay of the Petition; (2) establishes that Petitioner had good cause for his failure to exhaust his present claim before proceeding to federal court; and (3) establishes why this Court should exercise its discretion under *Rhines* to stay this action, including showing that his claim is potentially meritorious.

Third, if Petitioner disputes that the Petition is fully unexhausted, he must file a Response that explains why his claim is exhausted. Petitioner should include documentary support for his contention of exhaustion, including copies of his petition for review (Case No. S245655) and appellate opening brief (Case No E066919), so that the Court may determine whether or not he fairly presented a *federal* claim to the state appellate and high courts. Petitioner also should indicate therein which of his foregoing two Options he elects should the United States District Judge ultimately conclude that the Petition is fully unexhausted.

Once the Court receives Petitioner's notice of dismissal or Response, it will take further appropriate action. Petitioner is advised that, as a general matter, 28 U.S.C. §§ 2254(b)&(c) require "a federal district court to dismiss a petition for a writ of habeas corpus containing any claims that have not been exhausted in the state courts." *Lundy*, 455 U.S. at 510. If Petitioner does not take timely action in response to this Order, Petitioner will be deemed to have conceded that the Petition is fully unexhausted and should be dismissed without prejudice on that basis.

**IT IS SO ORDERED.**